Nash, C. J.
 

 The case arises under the first clause of the will of Isabella Martin. By it, she gives to her son, David Scott, as follows: “ I give and bequeath to David Scott, my son, one negro woman Pat, during his life, and at his death, to his son Andrew, and if said woman hath increase, to be equally divided among all his children.” David Scott died before this suit was brought, and, at the time Isabella Martin made her will, had other children besides Andrew, and, at the time of his death, others were born. It is agreed that, at the time of the bequest, Andrew Scott had no children, and that the negro woman had no increase, and that the slaves in question are the offspring of Pat, born since the publication of the will. It is further agreed that the plaintiffs are the children of Andrew Scott, and the defendants the children of David Scott. The plaintiffs contend that the pronoun “ his,” in the close of the item, and preceding the word “ children,” refers to the children of Andrew; the defendants, that it refers to the children of David Scott, and of this opinion is the Court.
 

 It is a rule of grammar that the pronoun refers to the next preceding antecedent. Grammatical construction, therefore, would require us so to refer it in this case, if we were not satisfied from the clause itself, such was not the meaning of the testatrix ;
 
 Jones and others v. Posten,
 
 1 Ire. Rep. 170. The case agreed states that, at the time the will was written, Da
 
 *321
 
 vid Scott bad other children besides Andrew, and the latter had none. The clause, it must be admitted, is very obscurely written. We think, however, the difficulty is occasioned by the want of proper punctuation. It is obvious that the prominent idea in the testatrix’s mind, in this clause, was the making provision for her son David, and for Andrew, the son of David. In the first part of the item under consideration, she effects her purpose by giving David a life-estate in the slave, Pat, and the absolute property in her, in remainder, to Andrew. Here, then, was an entire disposition in Pat. But it occurred to the mind of the testatrix, that in making this disposition of her, if she should have children, (and she was then young,),she would be giving Andrew an undue proportion of her property over his brothers and sisters. She then proceeds to distribute Pat’s children, if she should have any. "When she disposed of Pat, dne prominent subject was arranged, and there ought to have been either a full stop, or a colon, or a semi-colon, marking either the change of the subject matter, or a pause, or rest in the operations of the testatrix’s mind. After disposing of Pat., she resxtmes the subject by disposing of Pat’s offspring : “if said woman hath increase, to be equally divided among all his children.” These clauses are to be considered as parts of distinct sentences containing distinct gifts. In this view, whose children are meant? Wo think David’s children. Why should she single out Andrew as the peculiar obj eet of her bounty, to the entire neglect of David’s other children. And why should she prefer Andrew’s children, if he should have any, to' David’s other children. The latter were nearer in degree to her than the former. They were known to her. We admit the solution of the question is not without its difficulties, and, in such case, we think it more safe to decide in conformity to the dictates of nature, than to violate her laws. By referring the last pronoun to David’s, children, equal justice will be done to all, and we are at liberty to presume that such was the intention of the testatrix. See
 
 Jones and others
 
 v. Posten,
 
 supra.
 
 This idea is confirmed by the use of the word “ all.” She meant, we
 
 *322
 
 think, obviously, all of David’s children, of whom Andrew wasone. Weconcurin opinion with the Judge below. There is no error.
 

 Pee Cueiam. Judgment affirmed.